UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY HORNE,

        Plaintiff,                  CIVIL ACTION NO. 15-cv-10558

    v.                               DISTRICT JUDGE JUDITH E. LEVY

DANIEL HEYNS,                MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tonny Horne filed this *pro se* prisoner civil rights action on February 12, 2015, pursuant to 42 U.S.C. § 1983 against Defendant Daniel Heyns, Director of the Michigan Department of Corrections (MDOC). (Docket no. 1.) This matter comes before the Court on Defendant's Motion for Summary Judgment. (Docket no. 11.) Plaintiff has not responded to Defendant's Motion. This action has been referred to the undersigned for all pretrial proceedings. (Docket no. 6.) The Court dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.      **RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion for Summary Judgment (docket no. 11) be **GRANTED** and Plaintiff's Complaint be dismissed in its entirety.

**II.     REPORT**

    **A.     Background**

Plaintiff is currently incarcerated as the result of a conviction on a charge of aggravated stalking, MCL § 750.411i, for which he was sentenced on October 30, 2013. *See* Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS).[1] Plaintiff asserts that the pre-sentence investigation (PSI) sentencing recommendation in the aforementioned state-court case was for a period of 30 to 60 months of imprisonment. (Docket no. 1.) According to Plaintiff, the state-court judge overlooked this recommendation and instead sentenced him to 19 to 75 months of imprisonment. Plaintiff alleges that the MDOC mistakenly calculated his first possible release date from incarceration according to the PSI sentencing recommendation rather than the sentence imposed by the state-court judge. He explains that his first possible release date should have been in December of 2014, not November 28, 2015. Plaintiff claims that Defendant and all "MDOC time calculation persons" will not correct this mistake. As relief, Plaintiff seeks $75,000 in damages as compensation for the trauma that he has allegedly suffered for remaining incarcerated past his earliest release date. He also asks that this case be expunged.

    **B.     Governing Law**

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 11.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-

---

[1] The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Analysis

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendant was a person acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether Defendant deprived Plaintiff of a constitutional right.

Defendant contends that Plaintiff has failed to establish that he violated Plaintiff's constitutional rights and that he is entitled to qualified immunity and summary judgment based on a "complete lack of personal involvement." (Docket no. 11 at 8-11.) To state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that each defendant was personally involved in the alleged constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). It is a well-established principle that § 1983 liability cannot be based on a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998). Rather, a supervisor must have "'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff

must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Here, Plaintiff claims that Defendant will not correct the mistake in the calculation of his first possible release date from incarceration. (Docket no. 1.) Defendant, in his Motion, and in a sworn affidavit submitted as an exhibit to his Motion, explains that as Director of the MDOC, he is the chief administrative officer and is responsible for the overall operation of the MDOC, including the issuance and enforcement of MDOC policies, rules, and procedures. (Docket no. 11 at 6; docket no. 11-2 ¶ 3.) He avers that he is not personally involved in computing prisoner sentences or determining when prisoners are released. (Docket no. 11 at 6-7; docket no. 11-2 ¶ 4.) Defendant also claims that he has had no personal involvement with Plaintiff. (Docket no. 11 at 7; docket no. 11-2 ¶ 5.)

Plaintiff has not provided evidence to the Court to contradict Defendant's statements and demonstrate Defendant's personal involvement in the alleged miscalculation of his earliest possible release date. Moreover, Plaintiff has sued Defendant based upon his position of authority and supervisory responsibility within the MDOC. Plaintiff's threadbare allegation that Defendant will not correct the alleged mistake in his first possible release date is, essentially, a claim that Defendant failed to act. And, as stated above, section 1983 supervisory liability cannot attach on this basis. *See Salehpour, supra.* Plaintiff has not alleged and has not produced evidence of a constitutional wrongdoing committed by Defendant. Where there is no constitutional violation, "the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity." *Marvin v. City*

*of Taylor*, 509 F.3d 234, 244 (6th Cir.2007).  Accordingly, Defendant's Motion for Summary Judgment should be granted.

### D.      Conclusion

For the reasons stated herein, it is recommended that the Court **GRANT** Defendant's Motion for Summary Judgment (docket no. 11) and dismiss Plaintiff's Complaint in its entirety.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  December 10, 2015          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Tonny Horne and counsel of record on this date.

Dated:  December 10, 2015          s/ Lisa C. Bartlett
                                   Case Manager