UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tonny Horne,

        Plaintiff,

                              Case No. 15-cv-10558

v.                              Hon. Judith E. Levy

                              Mag. Judge Mona K. Majzoub

Daniel Heyns,

        Defendant.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [17] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

On February 12, 2015, plaintiff Tonny Horne filed this suit against defendant Daniel Heyns. (Dkt. 1.) Plaintiff alleges that defendant violated unspecified federal rights by failing to correct an alleged miscalculation of his first possible release date, and sued pursuant to 42 U.S.C. § 1983. (Id. at 3.) On May 19, 2015, defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. 11.) Plaintiff did not respond to defendant's motion.

On December 10, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation on defendant's motion for summary judgment. (Dkt. 17.) In the Report and Recommendation, Magistrate

Judge Majzoub recommended that the Court grant defendant's motion for summary judgment and dismiss the case in its entirety. (Dkt. 17 at 5.)

Magistrate Judge Majzoub correctly stated that plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." (Id. at 3 (citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).) Further, "[t]o state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that each defendant was personally involved in the alleged constitutional violation." (Id. (citing *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).)

Magistrate Judge Majzoub reasoned, based on the uncontroverted affidavit of defendant, that defendant had a "complete lack of personal involvement" in the alleged deprivation of plaintiff's federal rights. (Id. (citing Dkt. 11 at 8-11); Id. at 4 (citing Dkt. 11 at 6-7; Dkt. 11-2 at 2).) Accordingly, plaintiff could not bring a claim against him. Magistrate Judge Majzoub also reasoned, based on *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998), that "§ 1983 liability cannot be based

on a mere failure to act or on a theory of respondeat superior." (Dkt. 17 at 3.)

After a magistrate judge files her proposed findings and recommendations, any party to the suit may, within fourteen days, serve and file written objections to those proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "Parties cannot raise arguments on objection to a report and recommendation that they did not bring before the magistrate judge." *Brown v. Cassens Transport Co.*, Case No. 04-cv-12316, 2007 WL 4548225, at *1 (E.D. Mich. Dec. 19, 2007). Plaintiff timely filed objections to the Magistrate Judge's R & R that were mailed on December 16, 2015. (Dkt. 18 at 15.)

Plaintiff's first objection is, generally, that defendant is the "final authority in all challenged MDOC matters," including the calculation of his first possible release date, and that plaintiff sent personal letters to him. (Id. at 1.) This is an objection to Magistrate Judge Majzoub's finding that, based on defendant's affidavit and brief, defendant had no

3

involvement in computing prisoner sentences or determining dates of release, and had no personal involvement with plaintiff. (Dkt. 17 at 4.)

On review of the record, there is no evidence that defendant had authority to calculate plaintiff's release date or compute plaintiff's sentence. Further, even if defendant did have such authority, Magistrate Judge Majzoub correctly noted that defendant's alleged failure to act would not give rise to liability for a claim brought via 42 U.S.C. § 1983.

Plaintiff's second objection is that, under the Sixth Amendment to the Constitution of the United States of America, he is entitled to be aware of the exact time and length of his incarceration. This is not an objection to the Report & Recommendation, but is instead a new or expanded theory of liability. Accordingly, it is not grounds for relief from the Magistrate Judge's conclusion that there is no evidence to show defendant played any role in the deprivation of any federal right.[1]

Likewise, plaintiff's third, fourth, fifth, and sixth objections all reference alternative Constitutional theories of defendant's liability

---

[1] Plaintiff also alleges that defendant became aware of the sentencing issue when plaintiff filed suit, so defendant can no longer claim that he was unaware of the issue. The filing of a suit does not make a public official with no authority to take a particular action responsible for taking that action.

4

under the Eighth, Twelfth, Thirteenth, and Fourteenth Amendments. (Id. at 4-8.) Plaintiff also references, for the first time, his prior history with the criminal justice system as an argument that he had gained such notoriety that defendant must have been aware of plaintiff and plaintiff's plight. Again, these are not proper objections, but instead new or expanded theories of liability that cannot survive because defendant cannot be found to have played a role in any of these alleged deprivations of federal rights. Further, the additional factual information plaintiff alleges was not before the Magistrate Judge, and cannot be considered.

For the reasons set forth above, it is hereby ordered that:

The Magistrate Judge's Report and Recommendation (Dkt. 17) is ADOPTED;

Defendant's motion for summary judgment (Dkt. 11) is GRANTED; and

This case is DISMISSED WITH PREJUDICE. The Court further certifies that an appeal of this order would not be taken in good faith.

IT IS SO ORDERED.

Dated: January 15, 2016         s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY

United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager