UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tonny Horne,

              Plaintiff,        Case No. 15-10558

v.                                 Judith E. Levy
                                   United States District Judge

Daniel Heyns,

              Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND FOR RELIEF FROM JUDGMENT [30]

On February 12, 2015, Plaintiff Tonny Horne filed this pro se prisoner civil rights action against Defendant Daniel Heyns pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In his complaint, Plaintiff alleged that the state-court judge in his underlying criminal case erred in sentencing him to 19 to 75 months' imprisonment instead of the 30 to 60 months' imprisonment recommended in his presentence investigation report. (*See id.* at PageID.3; ECF No. 17, PageID.89.) He also asserted that Defendant, then the Director of the Michigan Department of Corrections,

and his subordinates failed to properly recalculate Plaintiff's maximum release date. (*See* ECF No. 1, PageID.3; ECF No. 17, PageID.89.)

On May 19, 2015, Defendant filed a motion for summary judgment. (ECF No. 11.) Plaintiff did not file a response. On December 10, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation (the "R&R") recommending that the Court grant Defendant's motion. (ECF No. 17.) Plaintiff timely filed objections to the R&R. (ECF No. 18.) On January 15, 2016, the Court adopted the R&R, granted Defendant's motion, dismissed the case with prejudice, and entered a corresponding judgment. (ECF Nos. 19, 20.) Plaintiff filed a timely notice of appeal. (ECF No. 21.) On October 3, 2016, the United States Court of Appeals for the Sixth Circuit dismissed the appeal for want of prosecution. (ECF No. 27.)

On July 26, 2023, Plaintiff filed a letter with the Court requesting that the Court appoint him counsel in this case and that the case be reopened.[1] (*See* ECF No. 30, PageID.219–220.) The Court construes

---

[1] This is not Plaintiff's first request for counsel in this case. While his appeal was still pending, Plaintiff filed a motion for the appointment of counsel (ECF No. 25), which the Court denied because it lacked jurisdiction. (ECF No. 26.) More than six years after the Court entered judgment in this case, Plaintiff filed a second motion

2

Plaintiff's letter as a motion to appoint counsel and for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'" (citation omitted)).

Under Rule 60(b), the Court may relieve a party from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

---

for appointment of counsel in January 2023. (ECF No. 28.) The Court denied Plaintiff's request because there was no case pending before the Court. (ECF No. 29.)

Fed. R. Civ. P. 60(c)(1). The Court concludes that Plaintiff's motion—more than seven years after the Court entered final judgment and dismissed the case with prejudice—is untimely. *See id.*; *see also Associated Builders & Contractors v. Michigan Dep't of Lab. & Econ. Growth*, 543 F.3d 275, 278 (6th Cir. 2008) (discussing factors for determining a "reasonable time" under Rule 60(c)(1)). Moreover, Plaintiff's letter simply reiterates the arguments from his original complaint which Magistrate Judge Majzoub and this Court previously rejected. (*Compare* ECF No. 30, PageID.221–222 *with* ECF No. 1, PageID.3; *see also* ECF Nos. 17, 19.) As such, Plaintiff's request to reopen this case, construed as a motion for relief from judgment, is denied.

With respect to Plaintiff's motion for the appointment of counsel, no case or controversy remains pending before the Court. And as set forth above, the Court declines to reopen this closed case. As such, there is no basis for appointing counsel in this matter, and Plaintiff's motion for the appointment of counsel is denied.

Accordingly, the Court DENIES Plaintiff's motion to appoint counsel and for relief from judgment. (ECF No. 30.) The Court also warns

4

Plaintiff that further frivolous motion practice in this closed case may result in sanctions.

    IT IS SO ORDERED.

Dated: December 15, 2023          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2023.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager